# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-240V
Filed: May 24, 2024

```
* * * * * * * * * * * * *
MARY HERRON,                *
                            *
        Petitioner,         *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * *
```

*Leah V. Durant, Esq.*, Law Office of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Lara A. Englund, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 12, 2019, Mary Herron ("Ms. Herron" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges she suffered "injuries, including Shoulder Injury Related to Vaccine Administration ('SIRVA'), resulting from adverse effects of an influenza ('flu') vaccination she received on October 6, 2017." Petition at 1, ECF No. 1. On July 14, 2021, respondent filed a Stipulation. Stipulation, ECF No. 36. A Decision adopting the Stipulation was filed the same day. Decision, ECF No. 37.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 11, 2022, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 42. Petitioner requests attorneys' fees in the amount of $33,686.60 and costs in the amount of $10,609.28 for a total of attorneys' fees and costs in the amount of **$44,295.88**. Motion for Fees at 1. In accordance with General Order No. 9, petitioner's counsel confirmed that petitioner did not incur out-of-pocket expenses. *Id.* at 1-2.

On January 12, 2022, respondent filed his Response to petitioner's Motion for Fees. Response, ECF No. 43. Respondent was satisfied the statutory requirements for an award of attorneys' fees and costs were met and "respectfully request[ed] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner filed a Reply on January 13, 2022. ECF No. 44. On March 9, 2022, petitioner filed the affidavit of Christopher Williams in further support of her Motion for Fees. Pet. Ex. 14, ECF No. 45.

On January 23, 2024, respondent filed a supplemental brief to his Response. Supplemental Brief, ECF No. 46. On March 18, 2024, petitioner filed affidavits, her expert's curriculum vitae, and a fee schedule regarding her expert's fees. Pet. Ex. 15-21, ECF No. 47. She also filed a substantive reply, which included a Motion to Strike respondent's Supplemental Brief. Supplemental Reply, ECF No. 48.

A Decision on Fees[3] issued on April 11, 2024, in which I reduced the hourly rate of petitioner's expert to $500 rather than the requested $1,000 but otherwise granted in full petitioner's Motion for Fees. Decision on Fees, ECF No. 49.

Petitioner filed a Motion for Reconsideration of the Decision on Fees on April 22, 2024. Motion for Reconsideration, ECF No. 50. Respondent filed his response to the motion on May 6, 2024. Response to Motion for Reconsideration, ECF No. 52. On May 14, 2024, petitioner filed her reply. ECF No. 53.

After thorough consideration of all the evidence filed in this matter and the arguments of the parties, petitioner's Motion for Fees is **GRANTED**. Her Motion to Strike respondent's Supplemental Brief is **DENIED**.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial

---

[3] This Decision on Fees has since been withdrawn. *See* ECF No. 51.

estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates for her counsel: Leah Durant: $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $441.00 per hour for work performed in 2022; Michael Milmoe: $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021; Christopher Williams: $325.00 per hour for work performed in 2021; Summer Abel: $260.00 per hour for work performed in 2020. For counsel's staff, petitioner requests the following hourly rates: AR: $150.00 per hour for work performed in 2018 and 2019, $160.00 per hour for work performed in 2020, and $165.00 per hour for work performed in 2021; AM: $150.00 per hour for

---

[4] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

work performed in 2019 and $160.00 for 2020; SP: $165.00 per hour for work performed in 2021. Motion for Fees at 3-12.

The attorneys at Leah Durant's practice, who practice in Washington, D.C., are entitled to the in-forum rates established in *McCulloch.* The hourly forum rates requested for Ms. Durant, Mr. Milmoe, A.R., A.M., and S.P. are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and paralegals. *See Dillenbeck v. Sec'y of Health & Human Servs.*, No. 17-428V, 2021 WL 777166 (Fed. Cl. Spec. Mstr. Jan. 25, 2021); *Williams v. Sec'y of Health & Human Servs.*, No. 17-1046V, 2022 WL 2762133 (Fed. Cl. Spec. Mstr. June 27, 2022); *Moore v. Sec'y of Health & Human Servs.*, No. 18-1371V, 2022 WL 558055 (Fed. Cl. Spec. Mstr. Jan. 26, 2022). Christopher Williams joined Leah Durant's practice in February 2021 and has approximately ten years of litigation experience, with one year of practice in the Program at the time of filing. Pet. Ex. 14 at 2. The Fee Schedule established for 2021 indicates that attorneys with eight to ten years of experience in practice should be awarded an hourly rate within the range of $325-$414.[5] As Mr. Williams has limited practice in the Program, the requested hourly fee of $325.00 per hour of work performed in 2021 is appropriate. Therefore, the undersigned finds the requested hourly rates to be reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[5] *Id.*

Upon review of petitioners' application, the undersigned finds the number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Additionally, respondent did not state any objection to petitioner's billing entries. *See generally* Response.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,609.28 for the acquisition of medical records, shipping costs, the filing fee, postage, and expert fees. Motion for Fees at 13-27.

   **i.     Expert Fees and Costs**

Petitioner requests $8,750.00 for "Expert Consultation" by Dr. Uma Srikumaran. Motion for Fees at 14, 25. Dr. Srikumaran's work on this case included review of the facts, review of respondent's Rule 4(c) Report, and drafting a report. *Id*. The Motion for Fees shows that Dr. Srikumaran worked on this matter from April 22-25, 2021. *Id*.

This matter was initially in the Special Processing Unit ("SPU"), where the parties spent roughly one year discussing settlement. It was reassigned to the undersigned in December 2020. ECF Nos. 28-29. During the initial status conference before me, the parties contemplated hiring experts due to respondent's concern that this was not an On-Table SIRVA claim. However, both parties expressed interest in continuing to discuss informal resolution. Therefore, petitioner was ordered to file a status report within thirty days advising whether the parties agreed to submit to mediation and who the parties selected as a mediator. Within ninety days, petitioner was to "file an expert report OR file a status report as to the progress of mediation." ECF No. 30 (emphasis in original).

Petitioner filed her status report on April 7, 2021 advising that the "parties have continued to engage in active discussions in an effort to resolve the case." In lieu of mediation, respondent had provided a response to petitioner's demand, which petitioner was evaluating. ECF No. 31. Approximately one month later, on May 13, 2021, a 15-Week Stipulation Order issued. ECF No. 33.

Thus, Dr. Srikumaran's work in this case, which took place between April 22-25, 2021, began after petitioner filed her April 7, 2021 status report and concluded just before the parties reached a tentative settlement agreement. The expert report that was drafted was never filed into the record. Further, the billing records do not show that Ms. Durant reviewed the expert report authored by Dr. Srikumaran.[6] Therefore, the impact—if any—of Dr. Srikumaran's expert report on the resolution of this matter in light of the status of the case at the time is unknown. Further, it is not clear why petitioner would have engaged an expert at that time when she advised the Court

---

[6] The billing record shows that Christopher Williams "[c]oordinate[d] with client via teleconference" on April 27, 2021, wherein he "review[ed] and evaluate[d] expert consultation." Motion for Fees at 10. It is not clear what exactly "expert consultation" means and whether that is a reference to an expert report. Nevertheless, Ms. Durant herself did not document any time spent reviewing an expert report.

that, "in lieu of consenting to mediation", the parties were still actively engaged in productive settlement discussions and respondent had recently provided his "final offer" that petitioner was evaluating. ECF No. 31.

Nevertheless, because Dr. Srikumaran is routinely expeditious in time management and a well credentialed expert in his field, I find the number of hours Dr. Srikumaran spent on this matter to be reasonable. Dr. Srikumaran's requested hourly rate is supported by other decisions awarding his rate, as well as by the evidence submitted in this case. *See* Pet. Ex. 15-21; *see, e.g., Aycock v. Sec'y of Health & Human Servs.*, No. 19-235, 2023 WL 8869423, at *1 (Fed. Cl. Spec. Mstr. Nov. 8, 2023); *Garcia v. Sec'y of Health & Human Servs.*, No. 18-1458V, 2024 WL 962741, at *3 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Jensen v. Sec'y of Health & Human Servs.*, No. 18-1458V, 2024 WL 1056145, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2024); *Truett v. Sec'y of Health & Human Servs.*, No. 17-1772V, 2024 WL 795176, at *2 (Fed. Cl. Spec. Mstr. Jan. 29, 2024). Although I am not bound by the decisions of other special masters, I am persuaded by petitioner's argument that Special Masters Gowen and Moran both awarded Dr. Srikumaran's full rate for work performed in 2021—the same year Dr. Srikumaran worked on this case—despite the recent issuance of their fees decisions. Motion for Reconsideration at 7.

Respondent did not submit a specific objection to Dr. Srikumaran's rate or his work performed in this matter, stating that respondent "no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs". Supplemental Brief at 3 note 2. He urged the Court to continue to make case-by-case determinations and exercise its discretion in determining a reasonable award for fees and costs. *Id.* at 2, 3; *see also* Response to Motion for Reconsideration. In his response to petitioner's motion for reconsideration, respondent argued that I appropriately exercised my discretion in reducing Dr. Srikumaran's rate to $500 per hour. Response to Motion for Reconsideration at 2. He did not address the specific arguments made by petitioner in her motion.

Petitioners' access to high quality experts and competent attorneys is an underlying purpose of the Vaccine Act. *See Aycock*, No. 19-235, 2023 WL 8869423, at *9 (citation omitted). Given Dr. Srikumaran's expertise and qualifications, the prior decisions awarding his requested rate, and respondent's lack of objection, petitioner will be fully reimbursed for the costs associated with Dr. Srikumaran. Counsel is cautioned, however, that incurring costs for experts in situations such as this (where the parties are able to reach a resolution through negotiations for an On-Table claim) may result in non-payment of those costs where retaining an expert is deemed unnecessary.

### ii.     Miscellaneous Costs

I have reviewed all other requested costs and find them to be reasonable and supported with adequate documentation. Motion for Fees at 13-24, 26-27. Thus, they will be awarded in full.

### III. Total Award Summary

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned awards a total of **$44,295.88**,[7] consisting of $33,686.60 in fees and $10,609.28 in costs.

A **lump sum payment for $44,295.88** shall be made in the form of a check made payable jointly to petitioner, Mary Herron, and petitioner's counsel, Leah Durant, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.